UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

DAVID APSEY
N6597 State Highway 187
Shiocton, Wisconsin 54170

    Plaintiff,

v.

MPJ TRUCKING CO. LLC
W1967 Industrial Drive
Freedom, Wisconsin 54130

    and

MICHAEL GRASSL
W1967 Industrial Drive
Freedom, Wisconsin 54130

    and

SOPER TRUCKING LLC
139 East Packer Avenue
Oshkosh, Wisconsin 54901

    Defendants

Case No.: 19-cv-925

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, David Apsey, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## **PARTIES AND COVERAGE**

4. Plaintiff, David Apsey, is an adult male resident of the State of Wisconsin with a post office address of N6597 State Highway 187, Shiocton, Wisconsin 54170.

5. Defendant, MPJ Trucking Co. LLC (hereinafter simply "Defendant MPJ Trucking"), was, at all material times herein, a commercial entity with a principal address of W1967 Industrial Drive, Freedom, Wisconsin 54130.

6. Defendant MPJ Trucking is a trucking company.

7. Defendant MPJ Trucking operates its business exclusively in the State of Wisconsin.

8. Defendant, Michael Grassl (hereinafter simply "Defendant Grassl"), was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of W1967 Industrial Drive, Freedom, Wisconsin 54130.

9. Defendant Grassl owns, operates, and manages Defendant MPJ.

10. Defendant, Soper Trucking LLC (hereinafter simply "Defendant Soper Trucking"), was, at all material times herein, a commercial entity with a principal address of 139 East Packer Avenue, Oshkosh, Wisconsin 54901.

11. Defendant Soper Trucking is a trucking company.

12. During the relevant time periods as stated herein, Defendant MPJ Trucking and Defendant Soper Trucking were engaged in "commerce" and/or their employees, individually and collectively, were engaged in "commerce," as that term is defined under the FLSA.

13. During the relevant time periods as stated herein, Defendant MPJ Trucking and Defendant Soper Trucking, individually and collectively, employed more than two (2) employees.

14. During the relevant time periods as stated herein, the annual dollar volume of sales or business of Defendant MPJ Trucking and Defendant Soper Trucking, individually and collectively, exceeded $500,000.

15. During the relevant time periods as stated herein, Defendant MPJ Trucking was an "employer" as that term is defined under the FLSA and the WWPCL.

16. During the relevant time periods as stated herein, Defendant Soper Trucking was an "employer" as that term is defined under the FLSA and the WWPCL.

17. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant MPJ Trucking and Defendant Soper Trucking, individually and collectively, as these terms are defined under the FLSA and the WWPCL.

18. During the relevant time periods as stated herein, Defendant Grassl was an "employer" as that term is defined under the FLSA and/or the WWPCL.

19. During Plaintiff's employment with Defendants, Defendant Grassl supervised Plaintiff's day-to-day activities.

20. During Plaintiff's employment with Defendants, Defendant Grassl had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

21. During Plaintiff's employment with Defendants, Defendant Grassl had the ability and authority to (and actually did), review Plaintiff's work performance.

22. During Plaintiff's employment with Defendants, Defendant Grassl established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

23. During Plaintiff's employment with Defendants, Defendant Grassl controlled the terms and conditions of Plaintiff's employment.

24. During Plaintiff's employment with Defendants, Defendant Grassl established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

25. During Plaintiff's employment with Defendants, Defendant Grassl tracked and recorded Plaintiff's hours of work.

26. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

27. On or about April 1, 2019 and on behalf of Defendants, Defendant Grassl hired Plaintiff as a Dump Truck Driver.

28. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Grassl.

29. Upon the commencement of Plaintiff's employment with Defendants in the position of Dump Truck Driver, Defendant Grassl agreed to compensate Plaintiff with an hourly-rate of $18.00 per hour for any and all hours worked and work performed at Defendants' direction, with Defendants' knowledge, for Defendants' benefit, and/or on Defendants' behalf.

30. Upon the commencement of Plaintiff's employment with Defendants in the position of Dump Truck Driver, Defendant Grassl agreed to compensate Plaintiff with an overtime rate of pay of $27.00 per hour for any and all hours worked and work performed in excess of forty (40) per workweek at Defendants' direction, with Defendants' knowledge, for Defendants' benefit, and/or on Defendants' behalf.

31. During Plaintiff's employment with Defendants and in Plaintiff's position as Dump Truck Driver, Defendant Soper Trucking managed, established, directed, and/or approved Plaintiff's jobs, assignments, schedule, duties, hours, and/or compensation.

32. On or about May 30, 2019, Plaintiff voluntarily resigned his employment with Defendants.

33. During Plaintiff's employment with Defendants, Defendants' established workweek for FLSA and/or WWPCL purposes was Monday through Sunday.

34. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-weekly basis via check.

35. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis.

36. During Plaintiff's employment with Defendants, Plaintiff's primary job duty was to drive a dump truck.

37. During the entirety of Plaintiff's employment with Defendants, Plaintiff physically performed his job duties and responsibilities exclusively in the State of Wisconsin.

38. During the entirety of Plaintiff's employment with Defendants and in furtherance of his job duties and responsibilities, Plaintiff did not drive or otherwise travel interstate.

39. During the entirety of Plaintiff's employment with Defendants and in furtherance of his job duties and responsibilities, Plaintiff would not have been expected to travel interstate.

40. During the entirety of Plaintiff's employment with Defendants and in furtherance of his job duties and responsibilities, Plaintiff did not have the option, ability, or occasion to travel interstate.

41. During Plaintiff's employment with Defendants, Defendant Grassl verbally told Plaintiff, "The farthest you'll ever drive is to Milwaukee," or words to that effect.

42. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

43. During the entirety of Plaintiff's employment with Defendants, Plaintiff performed non-exempt job duties under the FLSA and WWPCL.

44. During Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours per workweek.

45. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff at his regular hourly rate of pay for any and all hours worked or work performed each workweek at Defendants' direction, with Defendants' knowledge, for Defendants' benefit, and/or on Defendants' behalf, such as: pre-trip vehicle inspections; vehicle maintenance; mandatory safety meetings during work hours; and compensable travel time.

46. During Plaintiff's employment with Defendants and despite working in excess of forty (40) hours per workweek at Defendants' direction, with Defendants' knowledge, for Defendants' benefit, and/or on Defendants' behalf, Defendants did not compensate Plaintiff with overtime pay for any and all hours worked in excess of forty (40) hours in a workweek.

47. During Plaintiff's employment with Defendants and during the workweek of May 27, 2019, Plaintiff performed work at Defendants' direction, with Defendants' knowledge, for Defendants' benefit, and/or on Defendants' behalf.

48. During Plaintiff's employment with Defendants and during the workweek of May 27, 2019, Defendants did not compensate Plaintiff for any hours worked or work performed at their direction, with their knowledge, for their benefit, and/or on their behalf.

49. During Plaintiff's employment with Defendants and during the workweek of May 27, 2019, Defendants did not compensate Plaintiff with an hourly rate of at least $7.25 for each hour worked at their direction, with their knowledge, for their benefit, and/or on their behalf.

50. During Plaintiff's employment with Defendants and during the workweek of May 27, 2019, Defendants did not compensate Plaintiff with previously agreed-upon hourly rate of pay for all hours worked or work performed at Defendants' direction, with Defendants' knowledge, for Defendants' benefit, and/or on Defendants' behalf.

51. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all hours worked in a workweek, including with minimum wages, agreed-upon wages, and at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52. During Plaintiff's employment with Defendants, Plaintiff's paychecks did not properly or lawfully compensate him for any and all hours worked or work performed in a workweek, including with minimum wages, agreed-upon wages, and at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

53. Defendants knew or should have known that Plaintiff must be compensated for any and all hours worked and work performed in a workweek in accordance with the FLSA and WWPCL.

54. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

55. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (OVERTIME PAY OWED: HOURS WORKED)

56. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

57. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

58. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

59. At all times material herein, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

60. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

61. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at an overtime rate of pay during workweeks when he worked more than forty (40) hours was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

62. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

63. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

64. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – FLSA VIOLATIONS
## (MINIMUM WAGES OWED)

65. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

66. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

67. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

68. During Plaintiff's employment with Defendants and during the workweek of May 27, 2019, Defendants intentionally violated the FLSA by not compensating Plaintiff with an hourly rate of at least $7.25 per hour for each hour worked.

69. During Plaintiff's employment with Defendants and during the workweek of May 27, 2019, Defendants' failure to properly and legally compensate Plaintiff for any and all compensable work performed was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

70. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld from Plaintiff by Defendants in accordance with the FLSA.

71. Plaintiff is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

72. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### THIRD CAUSES OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY OWED: HOURS WORKED; MINIMUM WAGES)

73. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

74. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

75. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

76. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

77. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including with minimum wages and at an overtime rate of pay.

78. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

79. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

80. During Plaintiff's employment with Defendants and during the workweek of May 27, 2019, Defendants failed to compensate Plaintiff with an hourly rate of at least $7.25 per hour for each hour worked, in violation of the WWPCL.

81. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

82. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

83. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

## FOURTH CAUSE OF ACTION – WWPCL VIOLATIONS
## (FAILURE TO PAY AGREED-UPON WAGES)

84. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

85. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

86. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

87. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

88. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

89. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate him with agreed-upon hourly rate of pay for all hours worked and work performed during his employment with Defendants, in violation of the WWPCL.

90. During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for each and every hour worked, in accordance with Wis. Stat. § 109.03 and Wis. Admin. Code § DWD 272, either at the higher of his agreed-upon rate of pay or a rate of pay no less than the minimum wage, in violation of the WWPCL.

91. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

92. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

93. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, minimum wages, and agreed-upon wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid under the FLSA and WWPCL;
2. Grant to Plaintiff liquidated damages against Defendants;
3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and
4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 24th day of June, 2019

                            WALCHESKE & LUZI, LLC
                            Counsel for Plaintiff

                            **s/ *Scott S. Luzi*** \_\_\_\_\_
                            Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com